```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2021
```

MARK F. COLEMAN,

                              Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE; JUNE
BRIDGEMOHAN; ATHEA LONG; LA'DRAYA
MACON,

                              Defendants.

1:20-CV-10503 (AJN)

ORDER OF SERVICE

ALISON J. NATHAN, United States District Judge:

      Plaintiff, who appears *pro se*, asserts claims under Title VII of the Civil Rights Act of 1964, the American with Disabilities Act of 1990, and the New York State and City Human Rights Laws. He sues his employer, the New York City Department of Health and Mental Hygiene ("DOHMH"), and DOHMH employees June Bridgemohan, Athea Long, and La'Draya Macon. By order dated January 11, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

      As Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on DOHMH, Bridgemohan, Long, and Macon until the Court reviewed the complaint and ordered that summonses be issued for those defendants. The Court therefore

extends the time to serve DOHMH, Bridgemohan, Long, and Macon until 90 days after the date that summonses are issued for those defendants. If the complaint is not served on those defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on DOHMH, Bridgemohan, Long, and Macon, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for those defendants. The Clerk of Court is further instructed to issue summonses for DOHMH, Bridgemohan, Long, and Macon, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service of the complaint on those defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to (1) issue summonses for the New York City Department of Health and Mental Hygiene, June Bridgemohan, Athea Long, and La'Draya Macon, (2) complete USM-285 forms with the service addresses for those defendants, and (3) deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  January 14, 2021
        New York, New York

_____
ALISON J. NATHAN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Department of Health and Mental Hygiene
   Human Resources Unit
   42-09 28th Street
   Long Island City, New York 11101-4132

2. June Bridgemohan
   New York City Department of Health and Mental Hygiene
   42-09 28th Street
   Long Island City, New York 11101-4132

3. Athea Long
   New York City Department of Health and Mental Hygiene
   42-09 28th Street
   Long Island City, New York 11101-4132

4. La'Draya Macon
   New York City Department of Health and Mental Hygiene
   42-09 28th Street
   Long Island City, New York 11101-4132